SHERLOCK v. SHERLOCK.

(Supreme Court, Appellate Division, Fourth Department. November 12, 1901.)

MASTER AND SERVANT—INJURY OF SERVANT—ASSUMED RISK.
 Plaintiff was employed in defendant's mill in charge of the boiler room. In a passageway in the boiler room there was a tank under the floor, with a hole in the floor above it, having a cover consisting of pieces of flooring not fastened together. In stepping on this cover, plaintiff's foot went between two of the boards into the tank below, and he was injured. He had worked in the same place for 3½ years, and was familiar with the tank and cover, which had during all the time been in the same condition. *Held*, that he assumed the risk therefrom.

Appeal from Onondaga county court.
Action by Patrick Sherlock against William Sherlock. Appeal by defendant from a judgment of the county court affirming a judgment entered in the municipal court of the city of Syracuse. Reversed.

Argued before ADAMS, P. J., and McLENNAN, SPRING, WIL-LIAMS, and HISCOCK, JJ.

Thomas Hogan, for appellant.

J. J. Kennelly, for respondent.

WILLIAMS, J. The judgment of the county court and of the municipal court should be reversed, with costs. The action was brought to recover damages for injuries to the plaintiff alleged to have been caused by the negligence of the defendant. The plaintiff was employed in the defendant's mill and shop, and had charge of the engine and boiler room, and took care of the engine and boiler. He had been so employed for three years and six months before the accident. The boiler room had a wooden floor, and in a passage-way near the fuel bin, and under the floor, was a tank, which was used as a receptacle for drippings and exhaust steam from the engine. There was a hole in the floor above this tank, and a cover thereto, consisting of six pieces of flooring boards, tongue-grooved. The boards formed a part of the floor, so far as appeared on the trial, were sound themselves, and rested upon sound joists; the only defect in the cover being that the pieces of boards were in no way fastened together. The plaintiff knew the tank was under the floor, and what it was being used for. He had used the cover as a part of the floor during all the time he had worked there, and had passed over it and stepped on it frequently. He had seen it taken up, and knew, or should have known, perfectly the condition it was in. On the occasion of the accident he stepped upon the boards constituting the cover in such a way that they separated and let his foot through into the tank below, and he thus received the injuries complained of. The theory upon which the jury were permitted to render a verdict for the plaintiff was that the defendant failed to inspect the cover and discover its defective condition and to repair it before the accident. It appeared that it was the duty of the plaintiff to report to the defendant any repairs needed in the boiler room, so that they could be made, and that the plaintiff omitted to notify defendant of any defective condition of the cover in question. If any inspection had been made, no defective condition would have been discovered, except that the boards were in no way fastened together; and the plaintiff, who had seen the cover taken up, knew or must have known of that condition. Within well-settled legal principles, the plaintiff assumed the risks of such condition, and no recovery could be had for a failure by defendant to repair the same.

For the reasons stated, the judgments of the county court and municipal court must be reversed, with costs. All concur.